**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TAMER ESCANDER, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   19-3802 (RC) |
| | : | |
| v. | : | Re Document Nos.:   5, 6, 9 |
| | : | |
| RYAN MCCARTHY, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE; DENYING PLAINTIFF'S MOTION TO STAY BRIEFING AS MOOT**

**I.  INTRODUCTION**

The Plaintiff, Tamer Escander, has brought a complaint against Defendant Ryan McCarthy in his capacity as United States Secretary of the Army.  The complaint, which seeks damages as well as injunctive and declaratory relief, alleges violations of Escander's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.  Defendant has moved, pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), to dismiss Escander's complaint on grounds of improper venue, untimely exhaustion, or failure to state a claim, or in the alternative, to transfer this case to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1406(a).  Escander has consented to the transfer in the interest of judicial economy and the prompt resolution of the case, and in the meanwhile asks the Court to stay all briefing deadlines.  Defendant has opposed Escander's motion to stay briefing on the grounds that granting Escander's request would be inefficient and unfair, and Defendant renews his request for the Court to adjudicate the motion to dismiss.  For the reasons discussed below,

because Escander has consented to the transfer to the Eastern District of North Carolina, and the public and private interests favor transfer, the Court grants Defendant's motion to transfer the case and denies Escander's motion to stay proceedings as moot.

## II.  FACTUAL BACKGROUND

Escander, a U.S. citizen and North Carolina resident, worked from 2011-2015 as an Arabic language instructor within the Department of Central Asian and Middle Eastern Languages, USAJFK Special Warfare Center and School ("SWCS") on Fort Bragg in North Carolina.  Compl. ¶ 5, ECF No. 1.  By his own account, Escander's national origin is Egyptian, and his religion is Coptic Christian.  *Id.* ¶ 6.  In October 2013, while working at SWCS, Escander wrote a declaration in support of a colleague's security clearance appeal and provided support for that colleague's EEO complaint.  *Id.* ¶ 12.  Escander alleges that his national origin, religion, and written declaration in support of his colleague led Dr. Amir Nabipour, an employee of the Army, and at all relevant times head of the Department of Central Asian and Middle Eastern Languages, to make detrimental allegations about Escander's teaching methods.  *Id.* ¶¶ 7, 14–25.  After Escander completed teaching for the term, another staffing firm was hired, and Nabipour allegedly told the new staffing firm that Escander was not allowed back at Fort Bragg.  *Id.* ¶¶ 26–36.

After Escander was informed that the Army had allegedly suspended him from Fort Bragg, Escander sought Equal Employment Opportunity ("EEO") counseling from the Army. *Id.* ¶¶ 36–37.  After counseling failed to resolve the matter, Escander filed a formal EEO complaint with the Army on November 30, 2014.  *Id.* ¶ 37.  That complaint was dismissed on the grounds that Escander was not an Army employee, and Escander appealed to the Equal Employment Opportunity Commission ("EEOC") Office of Federal Operations ("OFO").  *Id.* ¶¶

38–39.  After a reversal, remand, and investigation, Escander's case was again dismissed.  *Id.* ¶¶ 40–45.  Escander again appealed to the OFO, and his case was once more reversed, remanded, and further investigated.  *Id.* ¶¶ 46–52.  On September 19, 2019, the Army EEO office issued a Final Agency Decision in which it found that Escander was not subjected to discrimination.  *Id.* ¶ 53.  Escander contends that he has not been able to be hired as an Arabic language instructor by any staffing firm servicing Fort Bragg since 2015.  *Id.* ¶ 54.

Escander's first cause of action is that Nabipour and potentially other officials in SWCS discriminated against Escander on the basis of his Coptic Christian religion in violation of Title VII.  *Id.* ¶ 56.  The second cause of action is that Nabipour and potentially other officials in SWCS discriminated against Escander on the basis of his Egyptian national origin in violation of Title VII.  *Id.* ¶ 58.  The third and final cause of action is that Nabipour and potentially other officials in SWCS retaliated against Escander's protected activity of serving as a witness to support his colleague's EEO and security clearance matters.  *Id.* ¶ 60.  Escander requests $300,000 in compensatory damages plus prejudgment interest, in addition to injunctive and equitable relief, attorney's fees and litigation costs, including fees and costs incurred in the EEO administrative process, and other declaratory relief as may be appropriate.  *Id.* at 10.

The parties do not dispute that all facts underlying Escander's allegations occurred in North Carolina.  *See* Compl. ¶¶ 5, 38, 49, 54; Def.'s Mot. Dismiss or Transfer at 1, ECF No. 5-1.[1]  Defendant has moved to transfer the case to the Eastern District of North Carolina, to which Escander has agreed.  Def.'s Mot. Dismiss or Transfer at 1; Pl.'s Mot. Stay Briefing at 1, ECF No. 9; Pl.'s Reply Supp. Mot. Stay Briefing at 4, ECF No. 11.  While Defendant's motion to

---

[1] In the interest of clarity, the Court refers to the original pagination used in the Memorandum of Law in Support of Defendant's Motion to Dismiss or to Transfer Venue, rather than the pagination imposed by the ECF filing system.

transfer was pending, Escander filed a motion to stay briefing. *See* Pl.'s Mot. Stay Briefing. Escander specifically requests that the Court, given Escander has consented to the transfer, stay all briefing deadlines on Defendant's motion to dismiss or transfer venue. *Id.* at 1.

### III. ANALYSIS

Defendant has moved, pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) to dismiss Escander's complaint on grounds of improper venue, untimely exhaustion, or failure to state a claim, or in the alternative, to transfer this case to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1406(a).[2] Def.'s Mot. Dismiss or Transfer at 1. The question before the Court, therefore, is whether the circumstances of this case warrant transfer of venue. Because Escander consents to the transfer, and the public and private interests favor transfer to the Eastern District of North Carolina, the Court concludes that the matter should be transferred rather than dismissed. Accordingly, the Court grants Defendant's motion to transfer venue and transfers this case to the Eastern District of North Carolina.

#### A. Legal Standard for Transfer

If venue is improper, rather than dismiss the case, a district court may, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see Sharp Elecs. Corp. v. Hayman Cash Register Co.*, 655 F.2d 1228, 1230 (D.C. Cir. 1981). The "standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it—thus preserving a [plaintiff's] ability to obtain review." *Nat'l Wildlife Fed'n v. Browner*, 237 F.3d 670, 674 (D.C. Cir. 2001). The decision whether to transfer or dismiss "rests within the sound discretion of the district court." *Naartex*

---

[2] For unclear reasons, Defendant submitted a duplicate filing. Def.'s Mot. to Transfer, ECF No. 6. For purposes here, the Court will dismiss the duplicate, ECF No. 6, and will only refer to Def.'s Mot. to Dismiss or Transfer, ECF No. 5.

4

*Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983); *see also* 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3827 (4th ed. 2020) ("[I]t is enough simply that the district judge, in the sound exercise of discretion, concludes that transfer is in the interest of justice, as many courts have concluded."). Generally, "the interest of justice requires transferring such cases to the appropriate judicial district rather than dismissing them." *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 64 (D.D.C. 2011) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962); *James v. Booz-Allen*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002)); *Braun v. U.S. Dep't of the Interior*, 288 F. Supp. 3d 293, 299–300 (D.D.C. 2018).

### B.  Proper Venue

In determining a case's proper venue, courts must accept the plaintiff's well-pled factual allegations as true, resolve any factual conflicts in the plaintiff's favor, and draw all reasonable inferences in favor of the plaintiff. *See Hunter v. Johanns*, 517 F. Supp. 2d 340, 343 (D.D.C. 2007); *Davis v. Am. Soc'y of Civil Eng'rs*, 290 F. Supp. 2d 116, 121 (D.D.C. 2003). In a typical action against a federal agency, venue is determined under 28 U.S.C. § 1391(e)(1), which provides that a "civil action in which a defendant is an officer or employee of the United States or any agency thereof . . . may . . . be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e). But Escander brings this action under Title VII, which has its own venue provisions specifying that a plaintiff may bring suit in (1) "any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "the judicial district in which the employment

records relevant to such practice are maintained and administered," or (3) "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e–5(f)(3).[3]

### 1. This Court is an Inappropriate Venue

Escander initially claimed this district was an appropriate venue under § 1391. Compl. ¶ 2. This was ostensibly due to the understandable misconception that the United States Secretary of the Army resides within the District of Columbia. *See, e.g.*, Summons, ECF No. 2 (listing Ryan McCarthy's work address as in Washington, D.C.). However, as courts in this district have previously noted, the Army's principal office is located at the Pentagon in Arlington, Virginia. *See, e.g.*, *Ellis-Smith v. Sec'y of Army*, 793 F. Supp. 2d 173, 177 (D.D.C. 2011) ("The Secretary of the Army's principal office is located in the Pentagon, in Arlington, Virginia."); *Saran v. Harvey*, No. 04-1847, 2005 WL 1106347, at *4 (D.D.C. May 9, 2005) ("[T]he Secretary of the Army's principal office is at the Pentagon in Arlington, Virginia" and therefore "venue is not in the District of Columbia for plaintiff's Title VII claim."); *Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 94–95 (D.D.C. 1983) (holding similarly).

But this district is improper under the venue provisions of Title VII. *See* 42 U.S.C. § 2000e–5(f)(3). Escander does not allege that any unlawful employment practice occurred here, nor is this the judicial district in which Escander would have worked but for the alleged unlawful employment practice. Escander has at all times, for the purposes of this claim, worked and resided in North Carolina. *See* Compl. ¶¶ 3, 5. Furthermore, Escander makes no claims that any employment records exist in the District of Columbia, nor that it is the judicial district in which

---

[3] A fourth catch-all provision that allows an action to "be brought within the judicial district in which the respondent has his principal office" is not applicable here. 42 U.S.C. § 2000e–5(f)(3).

the employment records relevant to Defendant's unlawful employment practices are maintained and administered. Because this Court finds that venue is improper under the applicable venue provisions of Title VII, the Court will transfer the case to the appropriate district rather than assess the merits of Escander's claims or Defendant's assertions of untimely exhaustion or failure to state a claim.

2. The Eastern District of North Carolina is an Appropriate Venue

The Eastern District of North Carolina is an appropriate venue under 42 U.S.C. § 2000e–5(f)(3). Although Fort Bragg spreads across several counties that straddle district boundaries, Courts have traditionally held Fort Bragg to be in the Eastern District of North Carolina.[4] *See, e.g.*, *United States for use & benefit of NetPlanner Sys., Inc. v. GSC Constr., Inc.*, No. 4:16-CV-150, 2017 WL 3000027, at *1 (M.D. Ga. Apr. 3, 2017) (holding the Eastern District of North Carolina was the correct venue for claims occurring at Fort Bragg); *PBG of N. Carolina, Inc. v. Zurich Am. Ins. Co.*, No. 15-80448-CIV, 2015 WL 11438216, at *4 (S.D. Fla. July 6, 2015) (holding same); *Wood v. United States*, No. 09-CV-4066, 2010 WL 582350, at *1 (W.D. Ark. Feb. 11, 2010) (holding same); *see also Corbett v. McHugh*, No. 1:11CV700, 2011 WL 6370997, at *3 (M.D.N.C. Dec. 20, 2011) (transferring to the Eastern District even though Fort Bragg has a partial presence in the Middle District). All of the alleged incidents giving rise to the complaint occurred at Fort Bragg. Compl. ¶¶ 5, 28, 30, 36, 38, 49; Def.'s Mot. Dismiss or Transfer at 7.

Escander makes no indication as to where his employment records may be kept. There does seem to be a dispute about who actually employed Escander. Defendant claims that

---

[4] *See* http://www.nced.uscourts.gov/counties/Default.aspx (last visited Aug. 14, 2020) (listing the counties under the jurisdiction of the Eastern District of North Carolina).

7

Escander was employed by a staffing firm called Multi-Lingual Solutions ("MLS") but may have also worked for a company called Mid-Atlantic Professionals, Inc., DBA/SSI. Def.'s Mot. Dismiss or Transfer at 9 n.2; ECF No. 5-3 at 4; ECF No. 5-4 at 80:14–15. Escander contends that he was employed by several staffing firms, one of which was MLS. Compl. ¶¶ 13, 26. Defendant intimates that Escander was not an employee of the Army. Def.'s Mot. Dismiss or Transfer at 13. But Escander suggests that he may have been in a "joint employment relationship with the Army and any particular staffing firm." Compl. ¶¶ 39, 46. The Court, absent further briefing from the parties, is unable to state who actually employed Escander and, thus, cannot determine where his employment records may be kept. Nonetheless, because the Eastern District of North Carolina satisfies the other venue provisions of Title VII, as all events giving rise to the claim occurred at Fort Bragg, and Plaintiff consents to transfer to the Eastern District of North Carolina, this Court finds it unnecessary to make any determinations about Escander's employment status.

    The Eastern District of North Carolina is also the judicial district in which Escander would have worked but for the alleged unlawful employment practice at Fort Bragg. *See* Compl. ¶ 54. Crucially important here too is the fact that Escander has consented to the transfer. Pl.'s Mot. Stay Briefing at 1 ("In the interest of judicial economy and the prompt resolution of this case, Plaintiff consents to this transfer."); Pl.'s Reply Supp. Mot. Stay Briefing at 4 (reiterating that "the Court should transfer this case to the Eastern District of North Carolina"). The Court sees little reason to refrain from transferring the case when the Eastern District of North Carolina is an appropriate venue and Escander agrees, without reservation, that transferring this case there is in the interest of justice. *See* Pl.'s Reply Supp. Mot. Stay Briefing at 2 n.1 ("Escander hopes

that this Court will transfer the case relatively quickly"). Accordingly, the Court transfers the case to the Eastern District of North Carolina.

### C. Further Briefing in this Court is Unnecessary

Defendant originally requested that this Court transfer the case to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1406(a), or in the alternative dismiss Escander's complaint pursuant to Fed. R. Civ. P. 12(b)(3) or 12(b)(6). Def.'s Mot. Dismiss or Transfer at 6. Defendant asserts several grounds on which dismissal is appropriate: (1) Escander failed to timely exhaust his administrative remedies under 29 C.F.R. § 1614.105(a)(1); (2) Escander failed to plead sufficient facts to state a plausible claim for relief on any basis; and (3) Escander failed to plead sufficient facts to establish a plausible claim of retaliation. *Id.* at 12–18. Defendant appears to equivocate on his preferred course of action. *Id.* at 11 ("In the interest of justice and in the Court's discretion, plaintiff's action may be transferred . . . [but] dismissal is also appropriate."). Escander, after agreeing to transfer the case, has filed a motion to stay all briefing deadlines in this Court. Pl.'s Mot. Stay Briefing at 1. Defendant, rather than acknowledge that Escander has agreed to the transfer—i.e. the relief originally requested—has responded by urging for dismissal and litigating against Escander's motion to stay. Def.'s Opp'n Pl.'s Mot. Stay Briefing, ECF No. 10. However, because this Court has determined that this district is an inappropriate venue for Escander's claims, it refrains from addressing the merits of the case nor the legal sufficiency of the pleadings. Furthermore, the Court will not entertain further briefing from the parties and leaves it to a court with proper venue to assess each party's claims.

Escander points out, and this Court concurs, that it would be unfair and against the principles of justice for the Court to agree it is not the proper venue and then adjudicate a

9

dispositive motion according to D.C. Circuit controlling precedent.  *Cf. Attkisson v. Holder*, 241 F. Supp. 3d 207, 214–15 (D.D.C. 2017).  In fact, after forcefully arguing that this Court is an improper venue, Defendant relies almost exclusively on this Circuit's case law when arguing that Escander pled insufficient facts in the complaint or failed to exhaust his administrative remedies.  The Court leaves those issues for the Eastern District of North Carolina under its own controlling precedent.  Accordingly, the Court denies as moot Escander's motion to stay the proceedings and transfers the case to the Eastern District of North Carolina.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss or to Transfer Venue (ECF No. 5) is **GRANTED IN PART** and the case is **TRANSFERRED** to the Eastern District of North Carolina.  Defendant's duplicate Motion to Transfer (ECF No. 6) is **DENIED AS MOOT**.  Plaintiff's Motion to Stay Briefing of Defendant's Motion to Dismiss (ECF No. 9) is **DENIED AS MOOT**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  September 16, 2020                                           RUDOLPH CONTRERAS
                                                                                              United States District Judge